IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| BERNARD KEITH MARTIN, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL ACTION NO. 2:16-09899<br>(Criminal No. 2:08-00230) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on April 27, 2015.[1] (Document No. 154.) By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 155.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A.      **Criminal Action No. 2:08-00230:**

On January 9, 2009, Movant pled guilty to a single count Indictment charging him with aiding and abetting the possession with intent to distribute a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Criminal Action No. 2:08-00230, Document Nos. 42, 45 – 46.) A Presentence Investigation Report was prepared. (Id., Document No. 60.) The District Court determined Movant had a Base Offense Level of 20, and a Total Offense Level of

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

29, the Court having applied the following: An enhancement to an adjusted offense level of 32 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document Nos. 57 and 60.) Movant was sentenced on May 7, 2009. (Id., Document Nos. 55 and 56.) The District Court ordered that Movant serve a total term of 151 months of incarceration to be followed by a three-year term of supervised release.[2] (Id.) The District Court also imposed a $100 special assessment. (Id.) On May 13, 2009, Movant filed a Motion for Rule 35 Correction requesting that the District Court amend the Statement of Reasons to correct information concerning Movant's Criminal History. (Id., Document No. 58.) By Order entered on May 15, 2009, the District Court granted in part and denied in part Movant's Motion. (Id., Document No. 62.) An Amended Judgment was filed on May 15, 2009. (Id., Document No. 63.)

On May 26, 2009, Movant filed a Notice of Appeal. (Id., Document No. 70.) Counsel filed an Anders Brief challenging the District Court's decision to sentence Movant within the sentencing range applicable to a career offender. (Id., Document No. 84.) In a *pro se* supplemental brief, Movant argued that trial counsel was ineffective in failing to properly advise Movant regarding the impact of accepting the guilty plea. (Id.) On November 20, 2009, the Fourth Circuit Court of Appeals affirmed Movant's conviction and dismissed his appeal concerning sentencing based upon the appellate waiver contained in the plea agreement. (Id.); United States v. Martin, 352 Fed.Appx. 851 (4th Cir. 2009). Movant did not file a petition for writ of certiorari with the United States Supreme Court.

B.     **First Section 2255 Motion:**

---

[2] The District Court determined that Movant was subject to the advisory guideline range of 151 to 188 months. (Criminal Action No. 2:08-000230, Document Nos. 55 – 57, 64.) The District Court

On April 7, 2010, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Declaration in Support. (Civil Action No. 2:10-0444, Document Nos. 89 and 91.) As his sole ground for *habeas* relief, Movant argued that trial counsel was ineffective in failing to apprise Movant, prior to the entry of the guilty plea, that pleading guilty would forfeit his right to appeal the court's denial of his motion to suppress. (Id.) The United States filed its Response in Opposition on June 25, 2010. (Id., Document No. 98.) Movant filed his Reply on July 9, 2010. (Id., Document No. 100.) By Proposed Findings and Recommendation entered on May 3, 2011, United States Magistrate Judge Mary E. Stanley recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 119.) Movant filed his Objections on July 21, 2011. (Id., Document No. 129.) By Order entered on August 23, 2012, United States District Judge Thomas E. Johnston adopted Judge Stanley's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 143 and 144.) On September 6, 2012, Movant filed a Notice of Appeal. (Id., Document No. 145.) On June 7, 2001, the Fourth Circuit affirmed the District Court's decision denying Movant's Section 2255 Motion. (Id., Document No. 150.); United States v. Martin, 515 Fed.Appx. 210 (4th Cir. 2013). On October 21, 2013, the United States Supreme Court denied Movant's petition for writ of certiorari. Martin v. United States, 571 U.S. 980, 134 S.Ct. 489, 187 L.Ed.2d 330 (2013).

C.  **Second Section 2255 Motion:**

On October 19, 2016, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:16-09899, Document No. 154.) As his sole ground for *habeas* relief, Movant argues that the

---

sentenced Movant at the bottom of the Guideline Range. (*Id.*)

District Court miscalculated his Criminal History points. (Id.) Movant explains that at sentencing, he objected to Paragraph Numbers 40, 41, and 42 contained in his PSR. (Id.) Movant states that the District Court sustained his objections and agreed to "merge them together." (Id.) Movant states that counsel filed a Motion for Correction of Sentence because the "court didn't combine the nine point into three." (Id.) Movant states that the District Court "corrected the mistake, but still only took away 3 points instead of 6." (Id.) Movant contends that Criminal History points should have been 11 instead of 14. (Id.) Accordingly, Movant requests a correction of his Criminal History points. (Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States,

37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the

Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals. The undersigned declines to construe and transfer Movant's Section 2255 Motion as a Request for Authorization to File a Successive Motion to the Fourth Circuit Court of Appeals because Movant does not demonstrate that his Motion contains newly discovery evidence or a new rule of constitutional law made retroactive to cases on collateral review. [3]

---

[3] Movant complains that the District Court miscalculated his Criminal History points. In "Section I" of the "Statement of Reasons," the District Court noted that it sustained Movant's objection to

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 154), and **REMOVE** this matter from the Court's docket.

---

Paragraph 40 (February 7, 2001 Possession of Cocaine with Intent to Distribute), Paragraph 41 (February 8, 2001 Possession With Intent to Distribute Cocaine), and Paragraph 42 (March 22, 2001 Possession With Intent to Distribute Cocaine) of the PSR. (Criminal Action No. 2:08-cr-00230, Document No. 57, p. 1.) Specifically, Movant objected to Paragraphs 40, 41, and 42 arguing that there was a single arrest that lead to multiple charges and the foregoing paragraphs should be treated as a single sentence under U.S.S.G. § 4A1.2(a)(2). (*Id.*, Document No. 60, p. 18.) The District Court specifically determined that Movant's Criminal History points were reduced by three points for a total score of 14 points. (*Id.*) The District Court further noted that Movant's Criminal History Category was unaffected by the foregoing change. (*Id.*) Subsequently, Movant, by counsel, filed a Motion for Rule 35 Correction. (*Id.*, Document No. 58.) Specifically, Movant requested that the Court modify the "Statement of Reasons" as follows: (1) Movant's September 1994 conviction for possession within intent to distribute cocaine be modified to correctly reflect a conviction for possession with intent to distribute *marijuana*; and (2) Movant's October 2002 conviction for possession with intent to distribute cocaine reflect that the actual amount per laboratory testing was 0.40 grams. (*Id.*) By Order entered on May 15, 2015, the District Court granted in part and denied in part Movant's Rule 35 Motion. (*Id.*, Document No. 62.) Specifically, the District Court granted Movant's Motion concerning modification of the "Statement of Reasons" to reflect that Movant's September 1994 conviction was for possession with intent to distribute marijuana. (*Id.*) The District Court denied Movant's Motion concerning the October 2002 conviction for possession with intent to distribute less than one-half ounce of cocaine because "there was no clear error in the court's categorization of the amount of drug." (*Id.*) The District Court explained that although Movant presented records verifying the specific amount of cocaine was 0.40 grams, this amount is less than one-half ounce of cocaine. (*Id.*) The District Court entered an "Amended Statement of Reasons" on May 15, 2009, reflecting the above modification in "Section VIII." (*Id.*, Document No. 64.) "Section I," however, remined unchanged. (*Id.*) To the extent Movant may be arguing that the alleged miscalculation of his Criminal History points should be considered as "newly discovered evidence" because he only recently became aware that he was given a Criminal History points of 17, Movant's argument is without merit. The foregoing was clearly addressed during Movant's sentencing hearing. (*Id.*, Document No. 61, pp. 5 – 10.) Thus, the foregoing does not constitute newly discovered evidence establishing his innocence.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: March 27, 2019.

Omar J. Aboulhosn
United States Magistrate Judge